Robert J. Scott, C.P.A. State Auditor Room 601 1200 Lincoln Street Denver, Colorado 80203
Dear Mr. Scott:
You have requested an attorney general's opinion as to whether in situations where a public health emergency requires swift action, a special district may contract for repair work without complying with the notice and bidding requirements of C.R.S. 1973, 32-4-113(1)(d).
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
May a special district, in situations where a public health emergency requires swift action, contract for repair work without complying with the statutory notice and bidding requirements?
 My conclusion is "yes." It is my opinion that the "police power" necessity would probably be held to excuse noncompliance with the statutory notice and bidding requirements.
ANALYSIS
That section provides that "a notice shall be published for bids on all construction contracts for work or material . . . involving an expense of five thousand dollars or more." I have been unable to find any statutory provision authorizing exceptions to this requirement. This means that an emergency repair contract could theoretically be subject to challenge if it is not opened to bids.
On the other hand, the legislative declaration at C.R.S. 1973,32-4-101 recognizes that water and sanitation districts are to promote the "health, safety, prosperity, security, and general welfare" of their inhabitants. Their creation is an exercise of the police power of the state for protection of safety and health. See, People ex rel. Dunbar v.Proposed Toll Gate San. District, 128 Colo. 33, 261 P.2d 152
(1953). Given these purposes, districts plainly have an obligation to take what steps are reasonably necessary to prevent or mitigate adverse health consequences related to facilities under their jurisdiction. Such "police power" necessity would probably be held to justify overriding the statutory bidding requirements in a given situation.
SUMMARY
There is, however, no clear guidance on what type or severity of emergency would provide such justification. There will simply have to be an exercise of sound judgment on a case-by-case basis. For that reason I would suggest that an acceptable alternative to bypassing the bidding requirements would be to let a contract for emergency repair services on an "on call" basis in advance of need. There would then be ample time to follow all required statutory procedures, yet the emergency would still be dealt with promptly. This would seem particularly appropriate in the type of situation described in the hypothetical posed by Mr. Miller. Fractured sewer lines, while constituting a serious problem, are also foreseeable and the repair contract could therefore be let in advance.
Please let me know if I can be of further assistance.
Very truly yours,
 J.D. MacFARLANE Attorney General PURCHASING EMERGENCY SEWAGE SPECIAL DISTRICTS
C.R.S. 1973, 32-4-111(d) C.R.S. 1973, 32-4-101
HEALTH, DEPT. OF Water Quality Control Div. LOCAL AFFAIRS, DEPT. OF LEGISLATIVE BRANCH Auditor, Office of State
Statutory notice and bidding requirements for special districts may be shortcircuited where it is determined necessary to meet a public health emergency. It would otherwise be preferable to contract for "on-call" emergency repairs in advance of need.